# IN THE COURT OF APPEALS OF IOWA

No. 17-1978
Filed June 6, 2018

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**EMMANUEL BERRYMAN,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Joel W. Barrows, Judge.

A defendant appeals his sentences. **AFFIRMED.**

Les M. Blair III (until withdrawal) and Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Emmanuel Berryman appeals the sentences imposed following his pleas of guilty to possession of a controlled substance and failure to affix a drug-tax stamp, in violation of Iowa Code sections 124.401(5) and 453B.12 (2016). The plea agreement called for the State to dismiss a third, pending charge and to agree not to resist supervised probation if deemed appropriate. The plea agreement was conditioned on the court's acceptance.

After accepting the guilty pleas, the court ordered the preparation of a presentence investigation (PSI) report, which recommended incarceration. At sentencing, the district court followed the recommendation of the PSI report and imposed a six-month term of incarceration on the possession conviction and a five-year term of incarceration on the drug-tax-stamp conviction, with the sentences to run concurrently to each other, along with fines, surcharges, and court costs. Berryman's driver's license was also suspended for 180 days. In determining the sentence, the district court stated:

> The reasons for the sentence, frankly, are your significant criminal history, the recommendation of the PSI author and the reasons stated in there for the recommendation, previous problems on supervision, as well as numerous failures to appear that the Court notes there.

Berryman appeals claiming the district court abused its discretion in not suspending the sentences and placing him on probation with conditions that he obtain a substance-abuse evaluation, comply with treatment recommendations, and maintain employment. When a sentence falls within statutory limits, the sentence is reviewed for abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). A sentencing court abuses its discretion when the sentencing

decision is based on grounds that are clearly untenable or unreasonable. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

> In applying the abuse of discretion standard to sentencing decisions, it is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses. Iowa Code § 901.5 (2001). It is equally important to consider the host of factors that weigh in on the often arduous task of sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform.

*Id.* at 724–25.

The record reflects the district court properly considered the relevant factors in constructing Berryman's sentences. The district court paid appropriate attention to Berryman's "significant criminal history" and his "previous problems on supervision." Despite Berryman's claims that his criminal history was "really not that bad" and his only problems on supervision occurred when he was young, we see nothing in the record that indicates the sentences were based on clearly untenable or unreasonable grounds. Accordingly, we conclude the district court did not abuse its discretion in sentencing Berryman.

Therefore, we affirm Berryman's sentences.

**AFFIRMED.**